# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MICHAEL D. CURRAN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:23-CV-1057 |
| § | Judge Mazzant |
| SAFECO INSURANCE COMPANY OF § | |
| INDIANA, § | |
| § | |
| *Defendant.* § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Corrected Motion to Remand (Dkt. #7). Having considered the motion, the response, and the relevant pleadings, the Court finds that Defendant's Corrected Motion to Remand should be **DENIED**.

### BACKGROUND

This case centers around the allegedly improper insurance practices of Defendant Safeco Insurance Company of Indiana ("Safeco") (Dkt. #3). The issue raised in the present motion and response is whether diversity of citizenship jurisdiction exists in the case, specifically whether the amount-in-controversy exceeds $75,000.

### I.     Factual Background

Plaintiff Michael D. Curran ("Curran") owns a home in McKinney, Texas (Dkt. #3 ¶ 12). Curran owns a Texas homeowners insurance policy that Safeco issued (Dkt. #3 ¶¶ 11, 13). Following a water leak, Safeco refused to pay insurance proceeds relating to the resulting damages (Dkt. #3 ¶¶ 14–20). Curran claims that Safeco improperly refused to honor its contractual

obligations under the insurance policy (Dkt. #3 ¶¶ 20–55). However, Safeco claims that the damage lies outside of the scope of Curran's insurance policy (Dkt. #8, Exhibit 3 at pp. 5–6).

## II.  Procedural History

On November 9, 2023, Curran initiated this case in Collin County Court at Law No. 2, alleging causes of action of fraud, breach of contract, violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing (Dkt. #3 ¶¶ 38–55). Curran seeks damages for "the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, [] attorney's fees," emotional distress, and exemplary damages (Dkt. #3 ¶¶ 59–62). Further, Curran seeks treble damages pursuant to Tex. Ins. Code § 541.152(b), along with 18% interest per annum on the amount that Safeco should have paid under Curran's insurance policy pursuant to Tex. Ins. Code § 542.060 (Dkt. #3 ¶¶ 59–60). However, Curran stated in his state court petition that he "seeks . . . only monetary relief of $100,000 or less" and that he "intends that discovery be conducted under Discovery Level 2" (Dkt. #3 ¶¶ 1, 8).

On November 30, 2023, Safeco removed this case to federal court on the basis of diversity of citizenship jurisdiction (Dkt. #1). In response, Curran filed a motion to remand the case claiming that the required amount-in-controversy did not exist solely based on an amended petition he attempted to file in Texas state court (Dkt. #7). To support his motion, Curran attempted to file an amended petition in Texas state court, stating that he "seeks . . . only monetary relief of $74,999.00, or less" (Dkt. #7 at p. 4).[1] Curran electronically filed the document in Texas state court on December 4, 2023, four (4) days after Safeco removed the case to federal court (Dkt. #7 at p. 1). Safeco timely submitted a response (Dkt. #8).

---

[1] Curran did not file any corresponding document in federal court. The Court does not consider his attempt to file an amended petition in Texas state court to have any impact on this case. *See* discussion *infra* Section II.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

**ANALYSIS**

As a threshold matter, neither party challenges the complete diversity of citizenship requirement. Rather, the sole jurisdictional issue is whether the amount-in-controversy—an amount exceeding $75,000, excluding costs and interest—is met. *See* 28 U.S.C. § 1332. Curran argues that his desired damages does not meet the amount-in-controversy requirement because "his amended Petition filed December 4, 2023 seeks damages of less than $75,000.00" (Dkt. #7

3

at p. 1). Safeco argues "that it is apparent on the face of [Curran's petition] that [Curran's] claims are likely to exceed $75,000" (Dkt. #8 ¶ 16).

When, as here, a petition seeks unspecified damages,[2] a defendant may prove by a preponderance of the evidence that the amount-in-controversy meets the jurisdictional requirement "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "[T]he jurisdictional facts that support removal must be judged at the time of the removal." *Allen*, 63 F.3d at 1335.

If a defendant satisfies its burden, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *Manguno*, 276 F.3d at 724. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." *Vielma v. ACC Holding, Inc.*, No. EP-12-CV-501, 2013 WL 3367494, at *5 (W.D. Tex. April 16, 2013) (quoting *Allen*, 63 F.3d at 1335); *accord Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010). The plaintiff "may

---

[2] Curran requested damages of "$100,000 or less" (Dkt. #3 ¶ 8). Accordingly, Plaintiff did not seek specific, numerical damages. *See Luckett*, 171 F.3d at 298; *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 718 n.1 (E.D. Tex. 2017).

4

establish this by identifying a statute, or by filing a binding stipulation, that so limits [his] recovery." *Manguno*, 276 F.3d at 724. The Fifth Circuit has "emphasized that 'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d at 869 (internal citations omitted).

I.      **Whether It Is Facially Apparent that Curran's Claims Are Likely Above $75,000**

Safeco has met its burden to show that the amount-in-controversy meets the jurisdictional requirement by demonstrating that it is facially apparent that Curran's claims are likely above $75,000. Based upon the categories of damages that Curran seeks, Safeco claims that "it is apparent from the face of the Original Petition that [Curran's] claims are likely to exceed $75,000" (Dkt. #8 ¶ 13). Safeco notes that Curran seeks actual damages for losses to his property under his insurance policy, treble damages, 18% per annum interest on improperly withheld insurance proceeds, emotional distress damages, mental anguish damages, exemplary damages, and attorney's fees (Dkt. #8 ¶¶ 14–15).

Amount-in-controversy calculations in insurance claim cases include "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co.*, 134 F.3d at 1253. Therefore, the amount-in-controversy includes statutory damages such as treble damages pursuant to Tex. Ins. Code § 541.152(b). *See id.* at 1253, 1255. Further, the Fifth Circuit has specifically held that such a calculation includes Curran's desired 18% per annum interest. *Id.* at 1255. Additionally, "[w]hen a statutory cause of action entitles a party to receive [attorney's] fees, the amount-in-controversy includes those fees." *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)). The amount-in-controversy in this case includes attorney's fees because Tex. Ins. Code. § 541.152(a)(1) authorizes

5

the recovery of attorney's fees when a party successfully brings suit for an unfair or deceptive act or practice in the business of insurance. *See H&D Tire & Auto. Hardware, Inc.*, 227 F.3d at 330.

"A plaintiff that seeks multiple types of damages, including punitive damages, suggests that [he] is seeking to maximize [his] award." *Jung v. 24 Hour Fitness USA, Inc.*, No. 4:17-CV-787, 2017 WL 6498105, at *4 (E.D. Tex. Dec. 19, 2017); *see Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *6 (W.D. Tex. June 21, 2010) (finding the plaintiff's petition made facially apparent the amount-in-controversy exceeded the jurisdictional amount because the defendant could have determined that the plaintiff was seeking to maximize her award under statute and that her compensatory and punitive damages alone had the potential to substantially exceed the jurisdictional amount). Here, Curran seeks damages for "the loss of the benefits that should have been paid pursuant to the policy," emotional distress, mental anguish, statutorily authorized attorney's fees, treble damages, 18% interest per annum, and exemplary damages (Dkt. #3 ¶¶ 59–63). The maximum amount of exemplary damages Curran could recover ranges from $200,000 to $750,000. *See* TEX. CIV. PRAC. & REM. CODE § 41.008(b). As such, the Court finds that it is facially apparent from Curran's petition (Dkt. #3) that the amount-in-controversy likely exceeds $75,000. *See Napier v. Humana Marketpoint, Inc.*, 826 F. Supp. 2d 984, 988 (N.D. Tex. 2011) (finding that the plaintiff's list of damages affirmatively revealed on its face that the amount-in-controversy exceeded the jurisdictional amount).

Next, the Court analyzes Curran's choice to conduct discovery under Level 2 (Dkt. #3 ¶ 1). The Court considers this choice "informative but not dispositive" of whether the amount-in-controversy is met. *See Moore v. Gladiator Events, LLC*, No. 3:15-CV-01877-M, 2015 WL 5459625, at *6 (N.D. Tex. Sept. 15, 2015). Discovery under Level 1 applies where "all claimants . . .

6

affirmatively plead that they seek only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." TEX. R. CIV. P. 169(a). However, no party that prosecutes a suit under Level 1 may "recover a judgment in excess of $250,000, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." *Id.* 169(b). In *Moore*, the court specified:

> A plaintiff who fails to "affirmatively plead" that she is seeking [$250,000] or less by choosing to conduct discovery under a Level 1 discovery plan is not affirmatively pleading that [$250,000] is actually in controversy. However, the fact that [the plaintiff] did not seek to utilize the expedited discovery procedures available to Level 1 plaintiffs seeking less than [$250,000] under the Texas rules is relevant to determining the [amount-in-controversy].

*Moore*, 2015 WL 5459625, at *6. Therefore, because Curran's choice to conduct Level 2 discovery is relevant, the Court finds that this choice further supports a finding that it is facially apparent that Curran's claims likely exceed $75,000.

Safeco has met its burden to show that the amount-in-controversy meets the jurisdictional requirement because it is facially apparent that Curran's claims likely exceed $75,000. Therefore, the Court next considers whether Curran has established to a legal certainty that his claims are really for less than the jurisdictional amount.

II. **Whether Curran Can Establish to a Legal Certainty that His Claims Are for Less Than the Jurisdictional Amount**

Curran's sole argument that his claims are for less than the jurisdictional amount is that he filed an amended petition in Texas state court stating that he "seeks . . . only monetary relief of $74,999.00, or less" (Dkt. #7 at p. 4). Curran electronically file this document in Texas state court on December 4, 2023, four (4) days after Safeco removed the case to federal court (Dkt. #7 at p. 1)

7

"[T]he jurisdictional facts that support removal must be judged at the time of the removal." *Allen*, 63 F.3d at 1335. Prior to removal, a plaintiff may prevent removal by filing a binding stipulation. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *superseded by amendment on other grounds*, TEX. R. CIV. P. 47. However, such a filing made after removal is irrelevant. *Id.* Curran filed no such stipulation, instead attempting to alter the jurisdictional facts supporting removal only after removal had occurred (Dkt. #7 at p. 1).

Curran's attempt to file an amended petition has no impact on the case. When removal occurs, it deprives the state court of jurisdiction over the case. *City of Sachse v. Kan. City S.*, 564 F. Supp. 2d 649, 653 (E.D. Tex. 2008). The filing had no effect on the case because the state court had no jurisdiction over the case. *See id.* Further, Curran's attempt to amend his petition occurred after removal and has no bearing on the jurisdictional facts existing at the time of removal. *Allen*, 63 F.3d at 1335.

For the reasons discussed above, Curran has not established to a legal certainty that his claims are for less than the jurisdictional amount. Therefore, remand of this case is inappropriate, and the Court denies the present motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Corrected Motion to Remand (Dkt. #9) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 5th day of January, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE